IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA M. HARBAUGH, AS ADMINISTRATOR of the ESTATE OF BRITTANY ANN HARBAUGH, DEC'D | : : : : | |
| Plaintiff, | : | NO: 2:20-cv-01685-MMB |
| V. | : : | |
| COUNTY OF BUCKS, et al. | : : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO SEAL MOTION TO
<u>APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS</u>**

Plaintiff, Nina M. Harbaugh, as Administrators of the Estate of Brittany Ann Harbaugh, Deceased, by and through her undersigned counsel, Kline & Specter, P.C., respectfully request that this Honorable Court seal the Plaintiff's Motion to Approve Allocation and Settlement and Distribution of the Proceeds in the above-captioned action, and in support thereof aver as follows:

1. This action arises from the death of a 28-year-old mother of three who died at the Bucks County Correctional Facility ["BCCF"].

2. On November 7, 2022, the case was stayed by the Court.

3. Pursuant to Local Rule 41.2 Plaintiff is filing a Motion to Approve Allocation and Settlement and Distribution of the Proceeds.

4. The Plaintiff is seeking that this Motion and the Order ruling on the Motion be sealed.

5. While there is undeniably a public right of access to judicial proceedings and records, that right to access judicial record is not absolute. *Nixon v. Warner Comms, Inc.*, <u>435 U.S. 589, 598</u> (1978). To overcome the presumption that judicial records be made available to the public, the Third Circuit requires that a party demonstrate "good cause." *Securimetrics, Inc. v. Iridian Techs.*,

*Inc.*, Civ. No. 03-04394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). The Third Circuit has identified a number of factors that may be considered in determining if good cause has been shown. Those factors include:

> 1) whether disclosure would violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information would cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants would promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995).

      6.      In the instant case, there is good cause to seal the Motion to Approve Settlement and Distribution of Proceeds. The settlement approval motion involves privacy interests of the Harbaugh family. Generally, a settlement of a personal injury claim would not require court filings to disclose the amount of the settlement proceeds, however, the current filing is required to allocate the proceeds between the wrongful death and survival actions and to approve the settlement as it relates to Ms. Harbaugh's ▮▮▮▮▮▮▮, all of which are minors. There is a privacy interest in the amount of settlement funds that Ms. Harbaugh's minor children will receive as a result of this litigation. Ms. Harbaugh's children have an interest in not having the amount of money they will receive disclosed court filings.

      7.      The sealing of the Motion to Approve the Settlement and Distribution of the Proceeds does not involve matters of public interest or health and safety. While Ms. Harbaugh's death at the Bucks County Correctional Facility may be a matter of public concern, the Plaintiff is not seeking to seal records related to any other filings in the case. All other filings involving the events

2

surrounding Ms. Harbaugh's death and conduct of the defendants will remain part of the accessible public record. In contrast to these other filings which address issues at the publicly run prison, the motion to approve the settlement only addresses issues around the amount of the settlement funds, attorneys' fees and costs, and the appropriate allocation and distribution of the settlement proceeds. These issues are not matter of public interest.

   **WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Order approving the sealing of Plaintiff's Motion to Approve Settlement and Distribution of proceeds of the above-captioned case.

                Respectfully submitted,

BY: *David K. Inscho*
    DAVID K. INSCHO, ESQUIRE
    MICHAEL A. CAVALIERE, ESQUIRE
    KLINE & SPECTER, P.C.
    1525 Locust Street
    Philadelphia, PA 19102
    215-772-1000

Date: <u>November 17, 2022</u>     Attorneys for Plaintiff

3

## CERTIFICATE OF SERVICE

I, David K. Inscho, Esquire, hereby certify that on this date a copy of Plaintiff's Unopposed Motion to Seal Plaintiff's Motion to Approve Settlement and Distribution of Proceeds was served upon the following via electronic mail on the following:

Jeffrey M. Scott, Esquire
Jeffrey M. Kolansky, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103-7393
***Attorney for County of Bucks***

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center, Drive, Suite 201
Camp Hill, PA 171011
***Attorney for PrimeCare Medical, Inc.***

**KLINE & SPECTER, P.C.**

Date: November 17, 2022     By: *David K. Inscho*
DAVID K. INSCHO, ESQUIRE
Attorney for Plaintiffs

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA M. HARBAUGH, AS ADMINISTRATOR of the ESTATE OF BRITTANY ANN HARBAUGH, DEC'D | : : : | |
| Plaintiff, | : | NO: 2:20-cv-01685-MMB |
| V. | : : | |
| COUNTY OF BUCKS, et al. | : : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2022, Plaintiff's Unopposed Motion to Seal Plaintiff's Motion to Approve Settlement and Distribution of Proceeds, and any responses thereto, it is hereby **ORDERED** and **DECREED** that the Motion to Seal is **GRANTED**. The Court finds good cause to seal Plaintiff's Motion to Approve Settlement and Distribution of Proceeds and the Order ruling on the Motion.

The Clerk shall Seal the Motion to Approve Settlement and Distribution of Proceeds (E.C.F. No. ___) and the order ruling on the Motion (E.C.F. No. ___.).

This Order does not seal any other filings in this case or protect any documents from access pursuant to the Pennsylvania Right-to-Know Law.

**BY THE COURT:**

_____
J.