#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA M. HARBAUGH, AS ADMINISTRATOR of the ESTATE OF BRITTANY ANN HARBAUGH, DEC'D | : : : | |
| Plaintiff, | : | NO: 2:20-cv-01685-MMB |
| V. | : : | |
| COUNTY OF BUCKS, et al. | : : | |
| Defendants. | : | |

### PLAINTIFF'S UNOPPOSED MOTION PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS

Plaintiff, Nina M. Harbaugh, as Administrators of the Estate of Brittany Ann Harbaugh, Deceased, by and through her undersigned counsel, Kline & Specter, P.C., respectfully request that this Honorable Court approve the proposed settlement and distribution of the above-captioned action for the sum of $250,000.00 (Two Hundred Thousand), and in support thereof aver as follows:

1. This action arises from the death of a 28-year-old mother of three who died a at the Bucks County Correctional Facility ["BCCF"].

2. Plaintiff is the duly appointed Administrator of the Estate of Brittany Ann Harbaugh, deceased. Letters of Administration were granted to Plaintiff on May 17, 2019, by the Register of Wills in the County of Delaware the Commonwealth of Pennsylvania. *See* Letters of Administration attached hereto as Exhibit "A."

3. Brittany Ann Harbaugh was born on September 19, 1990, and died on October 1, 2018, at 28 years of age. Decedent did not have a will.

4. A proposed settlement was reached with Defendant County of Bucks for a gross settlement of $250,000.00 (Two Hundred Thousand) on November 7, 2022.[1]

5. Plaintiff's counsel is of the professional opinion that the proposed settlement is fair and reasonable in light of the facts of this case and the applicable law and rulings of the Court.

6. There is no lien asserted by the Pennsylvania Department of Human Services ("DHS"). Plaintiff's counsel has advised DHS of the existence of this case and has received written confirmation that they have no lien on this recovery. *See*, Letter from DHS dated June 1, 2020, attached hereto as Exhibit "B."

7. Brittany Ann Harbaugh was not a Medicare beneficiary.

8. A copy of this Motion was forwarded to Carolyn Dymond, Trust Valuation Specialist, Pennsylvania Department of Revenue, Bureau of Individual Taxes Inheritance Division, P.O. Box 280601, Harrisburg, Pennsylvania 17128, via e-mail requesting approval of the allocation recited herein between the wrongful death and survival actions. The Department's approval is attached hereto as Exhibit "C."

9. Brittany Ann Harbaugh's beneficiaries under the Wrongful Death Act, 42 Pa. C.S.A. §8301 are as follows:



, minor (daughter)

, minor (daughter)

minor (son)

10. The costs of litigation, paid in advance by Plaintiff's counsel, are $900.00.[2] An itemized breakdown of the legal costs is attached hereto as Exhibit "D." The itemized

---

[1] A prior settlement with Co-Defendant PrimeCare Medical, Inc. was previously submitted to this Court for approval under seal and approved by the Court.
[2] Prior litigation expenses were approved by the Court as part of the settlement with Co-Defendant PrimeCare Medical Inc.

photocopying, express delivery services, and courier expenses were specific expenses of the litigation. Expert costs were substantially incurred to provide expert reviewers and witnesses with the materials necessary to formulate their opinions and provide their reviews in a timely manner, and to prepare expert witnesses for trial. This proposed settlement was reached following extensive discovery and production of expert reports and after the case was ready for trial. The specific costs identified are not attributable to this law firm's general overhead expenses. The expenditure of these costs played an integral role in securing the settlement result achieved in this action.

11. Accordingly, Plaintiff's counsel respectfully requests reimbursement of these litigation costs and expenses in the amount $900.00.

12. The fee agreement entered into by and between Plaintiffs and Kline & Specter, P.C. provided that counsel was to receive forty percent (40%) of the gross recovery plus reimbursement of costs.

13. The attached Verification signed by Plaintiff, Nina M. Harbaugh, specifically approves of this settlement and the allocation of proceeds as set forth in this Motion.

14. Accordingly, Plaintiff's counsel respectfully requests an attorneys' fee in the amount of $100,000.00, which represents 40% of the $250,000.00 settlement.

15. The net proceeds of the settlement, after deduction of attorneys' fees, and costs is $149,100.00.

16. Plaintiff requests distribution of the net proceeds of the settlement, after deduction of costs and attorney fees, as follows:

| | |
|---|---|
| Wrongful Death Claim | 60% |
| Survival Claim | 40% |

17. Plaintiffs request that the net settlement proceeds be distributed as follows:

Wrongful Death Act Proceeds (60%)

| | | |
|---|---|---|
| To: | ▇▇▇▇▇▇▇, minor | $29,820.00 |
| | ▇▇▇▇▇▇▇, minor | $29,820.00 |
| | ▇▇▇▇▇▇▇, minor | $29,820.00 |

Survival Act Proceeds (40%)

| | | |
|---|---|---|
| To: | Nina M. Harbaugh, Administrators of the Estate of Brittany Ann Harbaugh, deceased | $ 59,640.00 |

18. Pursuant to Pennsylvania Rule of Civil Procedure 2039, any funds payable to ▇▇▇▇▇▇▇ a minor, ▇▇▇▇▇▇▇, a minor, and ▇▇▇▇▇▇▇, a minor, will be deposited in an interest-bearing savings account or savings certificate in a federally insured bank or savings institution not to exceed the insured amount, IN THE NAME OF THE MINOR, titled and restricted that funds may not be withdrawn before minor attains majority or upon prior Order of Court.

19. The proposed apportionment of the settlement proceeds is appropriate under the facts of this case. While Pennsylvania law does not explicitly address settlement allocation formulas, "Pennsylvania law clearly delineates the requirements to satisfy a wrongful death and survival action award." *Smith v. Sandals Resort Int'l, Ltd.*, 709 F. Supp. 2d 350, 358 (E.D. Pa. Apr. 19, 2010). Further, Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries. *See, e.g., Krause v. B & O Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983).

20. The Wrongful Death Act compensates certain relatives of the Decedent for their losses as a result of the Decedent's death. *See* 42 Pa. Cons. Stat. §8301. Under Pennsylvania law, wrongful death beneficiaries are entitled to be compensated for monetary contributions the decedent would have made to them during her lifetime, including any money for food, clothing, shelter, transportation, medical expenses, gifts, insurance, education, entertainment, and recreation. Pa. Civ. Jury Ins. No. 7.180, Wrongful Death and Survival Action (5th ed. 2020). Under the Wrongful Death Act, children of a decedent are also entitled to be compensated for their deceased parent's guidance, teaching, training, advice, education, care, services, emotional support, and moral upbringing. *Id*. Also, significantly, Pennsylvania Courts have recognized the wrongful death act beneficiaries are entitled to the emotional and psychological loss suffered as a result of the death. *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa.Super. 2010). Finally, wrongful death damages also include funeral, burial, and estate administration expenses.

21. The Wrongful Death claims in this case are very significant and warrant allocation of the majority of the settlement proceeds. Brittany Ann Harbaugh is survived by her three minor children. Each of Ms. Harbaugh's children had a close relationship with their mother.

22. Unlike the Wrongful Death Act, which provides compensation to the decedent's statutory beneficiaries, the Survival Action provide only damages that could have been recovered by the decedent. *See* 42 Pa. Cons. Stat. §8302. Damages under the Survival Act are limited to decedent's conscious pain and suffering and the probable earning during his life expectancy minus the probable cost of maintaining himself and deduction of the support provided to wrongful death beneficiaries. *Smith*, 709 F. Supp. 2d at 358; Pa. Civ. Jury Ins. No. 7.180.

23. In this case, in relation to the Wrongful Death claim, the Survival Act damages are limited. The most significant component of survival action damages includes loss of future income of Britany Harbaugh minus her personal maintenance expenses and any contribution to the Wrongful Death beneficiaries. Ms. Harbaugh had a limited work history, mostly in lower wage positions. *See* Report of David Hopkins, attached hereto as Exhibit "D." Further, as result of her struggles with opiate dependence she had not worked in the year prior to her death. Moreover, much of Ms. Harbaugh's future earnings would have been contributed to either personal maintenance or to support for her children, which is appropriately included in the wrongful apportionment. Similarly, Ms. Harbaugh had limited conscious pain and suffering. She spoke to her family on the telephone on October 1, shortly before her death and did not complain of pain or discomfort at that time. As seen on surveillance video at approximately 9:00 p.m. Ms. Harbaugh collapsed suddenly. According to medical responders she was not conscious after she collapsed. Accordingly, there is no factual basis to warrant a significant allocation of damages to Ms. Harbaugh's conscious pain and suffering and the damages under the Survival Act are significantly less than those attributable to the claims under the Wrongful Death Act.

24. In summary, for the reasons set forth above, Plaintiffs respectfully request that the proposed settlement proceeds from Defendant PrimeCare of $250,000.00 be approved, allocated and distributed as follows:

| | | |
|---|---|---:|
| **GROSS SETTLEMENT AMOUNT** | | **$ 250,000.00** |
| a. | Kline & Specter, P.C. (Attorney's fee – 40%) | $ 100,000.00 |
| b. | Kline & Specter, P.C (Reimbursement of litigation costs) | $ 900.00 |
| **NET DISTRIBUTION** | | **$ 149,100.00** |

Wrongful Death Act Proceeds (60%)

| | | |
|---|---|---|
| To: ███████, minor | $ | 29,820.00 |
| ███████, minor | $ | 29,820.00 |
| ███████, minor | $ | 29,820.00 |

Survival Act Proceeds (40%)

| | | |
|---|---|---|
| To: Nina M. Harbaugh, Administrators of the Estate of Brittany Ann Harbaugh, deceased | $ | 59,640.00 |

25. Defense counsel has no opposition to this Motion.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Order approving the settlement and distribution of proceeds of the above-captioned case in the manner set forth herein.

Respectfully submitted,

Date: <u>January 9 2023</u>          BY:    *David K. Inscho*
                                         DAVID K. INSCHO, ESQUIRE
                                         MICHAEL A. CAVALIERE, ESQUIRE
                                         KLINE & SPECTER, P.C.
                                         1525 Locust Street
                                         Philadelphia, PA 19102
                                         215-772-1000
                                         Attorneys for Plaintiff

# VERIFICATION OF PLAINTIFF IN SUPPORT OF MOTION
## PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT
## AND DISTRIBUTION OF PROCEEDS

1. I am Plaintiff Nina M. Harbaugh, Administrator of the Estate of Brittany Ann Harbaugh, deceased.

2. I am the Plaintiff in the above-captioned action and hereby verify that the statements made in the foregoing Motion are true and correct to the best of my knowledge, information and belief.

3. I am represented by David Inscho, Esquire and Michael A. Cavaliere, Esquire, of the law firm of Kline & Specter, P.C.

4. I am completely and totally satisfied with my legal representation in this litigation, and I understand this Motion is for approval of the settlement against all Defendants.

5. I approve of the settlement of this action in the amount of $250,000.00, and the distribution of proceeds, without reservation.

6. I understand the statements made in the Motion are subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 01/06/2023

_N. Harbaugh_
NINA M. HARBUAGH

## CERTIFICATE OF SERVICE

I, David K. Inscho, Esquire, hereby certify that on this date a copy of Plaintiff's Unopposed Motion Pursuant to Local Rule 41.2 to Approve Settlement and Distribution of Proceeds was served upon the following via the electronic mail:

Jeffrey M. Scott, Esquire
Jeffrey M. Kolansky, Esquire
Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103-7393
***Attorney for County of Bucks***

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center, Drive, Suite 201
Camp Hill, PA 171011
***Attorney for PrimeCare Medical, Inc.***

**KLINE & SPECTER, P.C.**

Date: <u>January 9, 2023</u>      By:    *David K. Inscho*
                                         DAVID K. INSCHO, ESQUIRE
                                         Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NINA M. HARBAUGH, AS ADMINISTRATOR : 
of the ESTATE OF BRITTANY ANN : 
HARBAUGH, DEC'D :
                                 Plaintiff,   :    NO: 2:20-cv-01685-MMB
V. :
  :
COUNTY OF BUCKS, et al. :
  :
                              Defendants.   :

## ORDER

**AND NOW**, this _____ day of _____, 2023, Pursuant to Local Rule 41.2 and upon consideration of the Motion to Approve Settlement and Distribution of Proceeds, and any responses thereto, it is hereby **ORDERED** and **DECREED** that the Motion to Approve Settlement and Distribution of Proceeds in the amount of $250,000.00 is hereby **GRANTED**.

**IT IS FURTHER ORDERED** and **DECREED** that the gross settlement proceeds of $250,000.00 be distributed as follows:

| | | |
|---|---|---:|
| **GROSS SETTLEMENT AMOUNT** | | **$ 250,000.00** |
| a. | Kline & Specter, P.C. (Attorney's fee – 40%) | $ 100,000.00 |
| b. | Kline & Specter, P.C (Reimbursement of litigation costs) | $ 900.00 |
| **NET DISTRIBUTION** | | **$ 149,100.00** |
| | Wrongful Death Act Proceeds (60%) | |
| To: | ▓▓▓▓▓▓▓ minor[1] | $ 29,820.00 |
| | ▓▓▓▓▓▓▓, minor[1] | $ 29,820.00 |
| | ▓▓▓▓▓▓n, minor[1] | $ 29,820.00 |

Survival Act Proceeds (40%)

      To:    Nina M. Harbaugh,
            Administrators of the Estate of
            Brittany Ann Harbaugh, deceased      $ 59,640.00

**BY THE COURT**:

_____
**Michael Baylson**
**U.S. District Court Judge of the E.D.Pa.**

---

[1] To be deposited by counsel into an interest-bearing savings account or savings certificate in a federally insured bank or savings institution not to exceed the insured amount, IN THE NAME OF THE MINOR, titled and restricted that funds may not be withdrawn before minor attains majority or upon prior Order of Court.

# EXHIBIT "A"

Commonwealth of Pennsylvania  } ss:
Delaware County

I, MARY J. WALK, Register for the Probate of Wills and Granting Letters Testamentary and of Administration in and for County of Delaware, in the Commonwealth of Pennsylvania, do hereby Certify that on

**May 17, 2019**

**NINA M. HARBAUGH**

was duly and legally appointed as **Administratrix** of the estate of

**BRITTANY ANN HARBAUGH**

who died **October 01, 2018** late of **Upper Darby Township**, Delaware County, Pennsylvania, and has been duly qualified as such according to law as can be verified by reference to the records in my office, and that the letters have not been revoked.

WITNESS my hand and seal of office, at Media in the County aforesaid, on May 17, 2019.

**File No. 2319-1317**

*Mary J. Walk*
Register of Wills

# EXHIBIT "B"

Case 2:20-cv-01685-MMB   Document 78   Filed 01/09/23   Page 15 of 19



June 1, 2020

KLINE AND SPECTER, P.C.
JILL STEWART
1525 LOCUST STREET
PHILADELPHIA PA  19102

Re: Brittany Harbaugh
CIS #: 360154038
Incident Date: 10/01/2018

Dear Ms. Stewart:

Pursuant to your request for a statement of claim, the Department of Human Services (DHS), Third Party Liability (TPL), Casualty Unit, has reviewed the information you provided regarding the above-referenced incident.

It has been determined that DHS has no medical and/or cash assistance claim for this incident at this time.

If you have any questions, please feel free to contact me.

Sincerely,

Scott A. Schneider
Claims Investigation Agent
717-409-3741
717-772-6553 FAX

Bureau of Program Integrity | Division of Third Party Liability | Recovery Section
PO Box 8486 | Harrisburg, Pennsylvania  17105-8486

# EXHIBIT "C"

REV mL018 2


**pennsylvania**
DEPARTMENT OF REVENUE
HARRISBURG PA  17128-2005

KLINE & SPECTER, P.C.
DAVID K. INSCHO, ESQUIRE
1525 LOCUST ST FL 19
PHILADELPHIA PA  19102-3700

| | |
|---|---|
| Date Issued | 01/13/2023 |
| Letter ID | L0014128745 |
| Case Number | 0 004 414 353 |

## Wrongful Death Survival Action Allocation

The Pennsylvania Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the below-referenced estate in regard to a Wrongful Death and Survival Action. It was forwarded for the approval of allocated proceeds paid to settle the actions.

According to the petition, the decedent died as a result of medical negligence. The decedent is survived by her minor children. The decedent was 28 years old.

## Account Information

Estate of: HARBAUGH, BRITTANY A                    File Number: 2319-1317

**Departmental determination**

If you have any questions regarding this matter, please direct them using the contact information listed below.

Carolyn Dymond
(717) 787-8327

Please be advised that, based upon these facts and for Inheritance Tax purposes only, the department has no objection to the proposed allocation of the gross proceeds of this action:

  Wrongful Death Claim: $150,000.00
  Survival Action Claim: $100,000.00

Proceeds of a Survival Action are an asset included in the decedent's estate and are subject to the imposition of Pennsylvania Inheritance Tax (42 Pa. C.S.A. § 8302) (72 P.S. §§ 9106, 9107). Costs and fees must be deducted in the same percentages as the proceeds are allocated (*Estate of Merryman*).

As the department has no objections to the petition, an attorney from the Pennsylvania Department of Revenue will not be attending any hearing regarding it.

Please use the contact information provided above if you or the Court have any questions or requires anything additional from this bureau.

**References**                    In re Estate of Merryman, 669 A.2d 1059 (Pa. Cmwlth. Ct. 1995)

# EXHIBIT "D"

## ESTATE OF BRITTANY ANN HARBAUGH'S
## LEGAL COSTS AND EXPENSES OF KLINE & SPECTER

| Export David Hopkins, MAAA | $900.00 |
|---|---|

**TOTAL KLINE & SPECTER COSTS:**                    **$900.00**